## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

**DEBORAH PEATE,**

      **Petitioner,**

**v.**                                            **Case No. 1:18-cv-00525**

**FEDERAL BUREAU OF PRISONS;**
**MR. FONDELL, Receiving and**
**Departure Supervisor; WARDEN**
**J. SAAD,**

      **Respondents.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's *pro se* Motion for Clarification of Jurisdiction and Waiver of Extradition and to Correct Sentence, which the Clerk of Court construed as a petition filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the petition be **DISMISSED**, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1., and this action be removed from the docket of the Court. In addition, the undersigned **DENIES** Petitioner's Application to Proceed Without Prepayment of Fees and Costs, without prejudice, as moot. (ECF No. 5).

1

## I.     Relevant History

On April 3, 2018, Petitioner Deborah Peate ("Peate") filed the above-referenced document, questioning the manner in which a detainer issued by the State of Arizona was being satisfied. Peate explained that she was completing her federal sentence on April 2, 2018 and had the state detainer lodged against her "to finish out a balance of a state court ordered concurrent sentence that is flawed." (*Id.* at 1). She objected to the Federal Bureau of Prisons ("BOP") releasing her to the Summers County, West Virginia Sheriff's Office for extradition to Arizona, arguing that Summers County had no jurisdiction over her. Peate sought a declaration from this Court that her constitutional rights were being violated. In addition, she requested a preliminary and permanent injunction ordering the defendants to "stop [e]xtradiction" to the Summers County Sheriff's Office; an order to "correct proper jurisdiction to Maricopa County Sheriff's Office for transport"; monetary damages of $100,000 from each defendant; and court costs. Peate attached various exhibits to her pleading, including inmate request forms submitted to the BOP asking to "waive extradition" to Arizona. (*Id.*).

By the time Peate's civil action was docketed in this Court, however, she had been released from BOP custody. According to the BOP inmate locator, the release occurred on April 2, 2018, one day **before** the receipt and docketing of her pleading. *See* www.bop.gov/inmateloc. Consequently, Peate's request for declaratory and injunctive relief was fruitless from the outset. As to the merits of her other claims, the intervening change of circumstance played a key role in their viability. Therefore, on April 23, 2018, Peate was ordered to file an amended pleading which clearly set forth the nature and factual basis of her claims and the relief currently requested. (ECF No. 3). In the alternative, Peate was ordered to advise the Court if she to wished to

voluntarily dismiss her action by filing a Motion to Voluntarily Dismiss the Complaint. Peate was notified that her failure to file either an amended pleading or a motion to dismiss within forty-five (45) days of the date of the Order would result in a recommendation of dismissal for failure to state a claim and failure to prosecute. Of note, when this Order was entered, Peate had arrived into the custody of the State of Arizona.

On June 7, 2018, Peate filed a Motion asking for additional time to amend her pleading. (ECF No. 4). She also requested forms to assist her with the filing; specifically, she asked for § 2241, § 2254, and 60B4 forms. (*Id.*). Given that Peate was no longer in federal custody, not all of the forms she requested appeared applicable to her situation. Therefore, on July 31, 2018, Peate's Motion for an extension was granted. (ECF No. 6). She was given an additional forty-five days, or through and including September 14, 2018, in which to file her amended pleading. In addition, in the Order, the undersigned explained the various forms available, the purpose of the forms, and the proper jurisdiction for filing the forms. Peate was advised that the appropriate form could not be provided until she specified the nature of her claim. Once again, Peate was warned that her case would be dismissed if she failed to abide by the order. (*Id.*).

More than six months have passed since the Court's last order. Peate has neither amended her pleading, nor moved to dismiss her action. Indeed, the Court has had no further contact from Peate.

## II.    Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the United States Supreme Court

explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a party has no interest in further prosecution of his civil action:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. [1]

The appropriateness of a dismissal that is not voluntarily sought by a party "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of

---

[1] Fed. R. Civ. P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L. R. Civ. P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Peate received two orders alerting her to the insufficiency of her pleading and her need to amend the document; particularly, in view of the key change of circumstances that occurred just prior to the docketing of her case. Peate was further advised that her failure to fulfill that obligation would likely result in dismissal of the action. Notwithstanding these orders, Peate never bothered to amend the pleading, dismiss the action, or even communicate again with the Court. Peate was given more than ample time to comply with the orders, but inexplicably failed to do so. These failures add up to a case history of Peate proceeding in a deliberately dilatory fashion. Peate's case has been pending on the court's docket for ten months, and she has been given nearly ten months to comply with the Court's directives; yet, Peate has not complied. Thus, Peate is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendants. As Peate has wholly disregarded court orders, has made no effort to pursue her case since June 2018, and has failed to follow up with the Court in more than eight months, a sanction less severe than dismissal plainly will not be effective. *See Ballard,* 882 F.2d at 95-96.

Although a dismissal is warranted, the undersigned **FINDS** that dismissing the petition with prejudice would be an unnecessarily severe sanction. Fed. R. Civ. P. 41(b) provides that a dismissal for failure to prosecute "operates as an adjudication on the merits" unless the dismissal order states otherwise. Given that Peate has never adequately articulated a theory of recovery, and the merit of any such theory has not

5

been considered, the undersigned concludes that a dismissal, without prejudice, would be most appropriate.

### III.   Proposal and Recommendation

For the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the petitions be **DISMISSED**, without prejudice, and this matter be removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Faber and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

**DATED**: February 13, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge

7